In the

# United States Court of Appeals

## For the Seventh Circuit

———————

No. 06-2538

IN RE:

LONNIE E. MCKINNEY,

*Debtor-Appellee.*

———————

Certification from the United States Bankruptcy Court
for the Central Division of Illinois.
No. 05 B 84385—**Thomas L. Perkins**,
*Chief Bankruptcy Judge.*

———————

SUBMITTED JUNE 6, 2006—DECIDED JULY 25, 2006

———————

Before POSNER, EASTERBROOK, and RIPPLE, *Circuit Judges.*

POSNER, *Circuit Judge.* This appeal presents an issue of first impression but little difficulty: whether section 1233 of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, which permits a direct appeal from the bankruptcy court to the court of appeals if both courts agree (see section 1233(b)(3)(B)) that it should be appealed, 28 U.S.C. § 158(d)(2)(A), is applicable to bankruptcy proceedings filed before the effective date of the provision, which was October 17, 2005. BAPCPA § 1501(a) (uncodified); *In re Nichols*, 440 F.3d 850, 857 n. 6 (6th Cir. 2006). The Act provides, with immaterial exceptions, that it "shall not apply with respect to cases commenced under title 11, United States Code, before the effective date of this Act." § 1501(b)(1) (uncodified).

The bankruptcy court has certified an appeal directly to us from a ruling in a proceeding filed before the effective date of the new law. Noting that the certification provision is procedural (in a broad sense—technically, it is jurisdictional, because it enlarges our appellate jurisdiction) rather than substantive, and that statutory changes in procedures (in that same broad sense), as distinct from statutory changes in substantive rights or duties, are normally applied to pending cases, *Martin v. Hadix*, 527 U.S. 343, 359 (1999); *Landgraf v. USI Film Products*, 511 U.S. 244, 275 (1994), the appellee (who would prefer us to affirm the bankruptcy court's order rather than to dismiss the appeal) asks us to interpret the "shall not apply with respect to cases commenced . . . before the effective date" provision as applicable only to substantive provisions of the new law.

But the presumption that a procedural change is to be applied retroactively falls away when the statute making the change specifies that the statute shall not apply to pending cases, *id*. at 280; *Lindh v. Murphy*, 521 U.S. 320, 332 (1997); *Turkhan v. Perry*, 188 F.3d 814, 825 (7th Cir. 1999), as the new bankruptcy law does. (See *Christo v. Padgett*, 223 F.3d 1324, 1332 (11th Cir. 2000), which denied retroactive effect to another procedural change in the bankruptcy code on the basis of language similar to that of section 1501(b)(1).) The fact that exceptions other than for certification are expressly stated strengthens the inference that procedural changes were not intended to be excepted. Nor does the appellee suggest that judicial interpolation of an exception is necessary to avoid some grotesque injustice or absurdity.

The appeal is outside our jurisdiction and is therefore

DISMISSED.

No. 06-2538                                                      3

A true Copy:

    Teste:

                                _____

                               *Clerk of the United States Court of*
                                  *Appeals for the Seventh Circuit*