**In re Thomas J. RYAN, Debtor.**

**Entrust NPL Corp, Plaintiff,**

**v.**

**Winchester Global Trust Company Limited, as Trustee of the Settlement Trust, the Tax Lien Trust, the Factored Receivables Trust and the High–Yield Trust, Greenberg Traurig, P.A. as Custodian of Records pursuant to Court Order dated May 19, 2005, and Marika Tolz, Trustee of the Bankruptcy Estate of Thomas J. Ryan, Defendants.**

**Bankruptcy No. 02–22260–BKC–JKO.**
**Adversary No. 06–1401–JKO.**

United States Bankruptcy Court,
S.D. Florida,
Fort Lauderdale Division.

Dec. 19, 2007.

276

Reggie David Sanger, Esq., Ft. Lauderdale, FL, for Plaintiff.

James P.S. Leshaw, Esq., Miami, FL, for Plaintiff/Defendants.

Scott M. Grossman, Esq., Miami, FL, John A. Moffa, Esq., Sunrise, FL, for Defendants.

### ORDER DENYING PLAINTIFF'S MOTION FOR CERTIFICATION OF DIRECT APPEAL TO THE COURT OF APPEALS

JOHN K. OLSON, Bankruptcy Judge.

This adversary proceeding is before me on Plaintiff Entrust Corporation's request [DE 79] that I certify under 28 U.S.C. § 158(d)(2) for direct appeal to the Court of Appeals Entrust's appeal from my Order [DE 58] which dismissed this adversary proceeding with prejudice. Defendant Winchester Global Trust Company responded [DE 80] with a jurisdictional objection which I conclude I am required to sustain.

■ Entrust argues that a direct appeal makes sense and would be judicially economical in light of the current appeal pending in the Court of Appeals in the main bankruptcy case *In re Thomas J. Ryan, III,* which involves issues closely related to the issues in the appeal in this adversary proceeding. However logical this argument may be, I am constrained by the express provisions in the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPC-PA") which provides that BAPCPA's provisions, with limited and irrelevant exceptions, "shall not apply with respect to cases commenced under title 11, United States Code, before the effective date of this Act." BAPCPA § 1501(a) (uncodified). Prior to the enactment of § 158(d)(2) in BAPCPA, there was no provision for direct appeal of bankruptcy court orders to the Court of Appeals.

■ Although the direct appeal provision of new § 158(d)(2) is procedural in nature, and would ordinarily apply retroactively, where Congress has made clear that statutory provisions are not to be given retroactive effect, the normal presumption of retroactivity is overcome. *Christo v. Padgett,* 223 F.3d 1324, 1332 (11th Cir. 2000). Although this adversary proceeding was filed in 2006, the *case* in which it arises, *In re Thomas J. Ryan, III,* was filed March 28, 2002, well before BAPCPA's effective date of October 17, 2005. I therefore conclude that I am powerless to authorize a direct appeal to the Court of Appeals under § 158(d)(2). *In re McKinney,* 457 F.3d 623 (7th Cir.2006); *Futch v. Roberts,* 2007 WL 2462636 (S.D.Ga.2007).

Accordingly, it is ORDERED that Plaintiff Entrust Corporation's request [DE 79] that I certify its appeal from my Order [DE 58] which dismissed this adversary proceeding with prejudice for direct appeal to the Court of Appeals pursuant to 28 U.S.C. § 158(d)(2) is DENIED.